UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

    DOWN TOWN ASSOCIATION, d/b/a
    THE DOWN TOWN ASSOCIATION,

Chapter 11
Case No.: 21-10413-dsj

                Debtor.
-------------------------------------------------------------X

## PLAN SUPPLEMENT AND STATUS REPORT

Down Town Association, *d/b/a* The Down Town Association, debtor and debtor-in-possession (the "Debtor"), in this Chapter 11, Subchapter V, Bankruptcy case, by and through its counsel, the Law Office of Avrum J. Rosen, PLLC, respectfully submit this as and for the Debtor's plan supplement (the "Plan Supplement") to the *Debtor's Chapter 11 Small Business Subchapter V Plan* [Dkt. No. 40] (the "Plan"); and respectfully submits

## PROCEDURAL BACKGROUND

1. The Debtor filed the Plan on June 2, 2021 (the "Plan Filing Date"). The Plan required Debtor to file the Plan Supplement fourteen days prior to the hearing date to confirm the Plan.

2. By the Court's *Order (I) fixing Dates for Hearing on Confirmation of Debtor's Plan or Reorganization, Filing Objections to Confirmation of the Plan, and Filing Acceptances or Rejections of the Plan, and (II) Approving the Form of Confirmation Hearing Notice and Ballot* [Dkt. No. 46] (the "Order"), the Court initially set July 15, 2021 as the hearing date to confirm the Plan.

3. On July 9, 2021, the Court entered its *Second Amended Order (I) fixing Dates for Hearing on Confirmation of Debtor's Plan or Reorganization, Filing Objections to Confirmation*

*of the Plan, and Filing Acceptances or Rejections of the Plan, and (II) Approving the Form of Confirmation Hearing Notice and Ballot* [Dkt. No. 54], amending, *inter alia*, the hearing date to confirm the Plan to August 12, 2021 at 10:00 a.m. and the date to file the Plan Supplement on or before August 5, 2021.

4. Therefore, the Debtor timely submits this Plan Supplement.

## LEASE WITH GREAT EMPIRE REALTY LLC

5. The proposed lease to be executed post-confirmation, between the Debtor and its landlord, Great Empire Realty LLC, a New York Company, for the rent of the premises located at 60 Pine Street, New York, New York, is annexed hereto as **Exhibit "A"**.

## SETTLEMENT AGREEMENT WITH THE UNION

6. Prior to the Plan Filing Date, the Debtor commenced discussion with the Hotel, Restaurant and Club Employees & Bartenders Union, Local 6, UNITE HERE (the "Union") to resolve the claims of the Union regarding the Club Employees' Pension Fund (the "Pension Fund"), and the Collective Bargaining Agreement (the "CBA").

7. On or about June 16, 2021, the Debtor filed its *Motion to Approve Compromise (a) resolving the claims of: (i) the Hotel, Restaurant and Club Employees & Bartenders Union, Local 6, UNITE HERE and (ii) Club Employees' Pension Fund and (b) terminating the Collective Bargaining Agreement between the Debtor and the Union* [Dkt. No. 47] (the "Union Settlement").

8. Pursuant to the Union Settlement, the Debtor and the Union agreed that upon the confirmation of the Debtor's Plan: (i) the CBA is terminated[1]; (ii) The Pension Fund's claim (filed as claim number 4 on the claims register) shall be allowed as an Allowed General Unsecured

---

[1] The CBA is terminated subject to terms specified in Paragraph 3 of the Settlement Agreement attached to the Union Settlement motion as Exhibit A [Dkt. No. 47-3].

Claim[2] in the sum of $81,319.54 with no further amounts being allowed; The Pension Fund's claim (filed as claim number 5 on the claims register) shall be allowed, as filed, as a General Unsecured Claim; and (iv) The Union's claim (filed as claim number 6 on the claims register) shall be allowed in the amount of $224,051.75 as an Allowed Priority Claim[3] and shall be paid in equal quarterly installments of $18,670.98 for three (3) years commencing on the Distribution Date (as that term is defined in the Plan).

9.  On July 13, 2021, this Court entered an *Order* [Dkt. No. 59] authorizing the Debtor to enter into the Union Settlement.

## PRIORITY TAX CLAIMS

### *New York City Department of Finance's Claim*

10.  On April 9, 2021, the New York City Department of Finance (the "NYCDOF"), filed a claim in the amount of $458,777.96 for amounts in connection to (i) unpaid "hotel tax" and (ii) unpaid general corporation tax [Claim No. 2] (the "NYCDOF Disputed Claim").

11.  On or about June 14, 2021, the Debtor filed a *Motion to Reduce Claims Number 2 filed by New York City Department of Finance* with *Statement / Exhibit A Proof of Claim related to Motion to Reduce Claims Number 2 filed by New York City Department of Finance* [Dkt. Nos. 43, 44] (the "Motion to Reduce NYCDOF Claim").

12.  The Debtor sought to reduce the NYCDOF Disputed Claim to zero dollars alleging, *inter alia*, the Debtor did not owe the alleged tax deficiency for two reasons. First, the Debtor did not operate a hotel in the year 2012 and thus would not be obligated to the alleged unpaid "hotel tax" between the period of March 2012 through December 2012, as asserted in the NYCDOF Disputed Claim. Second, the Debtor is a Domestic Not-For-Profit Corporation. As such, it is

---

[2] Allowed General Unsecured Claim shall have the same meaning as it is defined in the Debtor's Plan.
[3] Allowed Priority Claim shall have the same meaning as it is defined in the Debtor's Plan.

exempt from the general corporation tax portion of the NYCDOF Disputed Claim. Thus, the Debtor objected to the NYCDOF Disputed Claim seeking to reduce its claim to zero dollars.

13. Pursuant to the Debtor's notice of Motion to Reduce NYCDOF's Claim, a hearing was scheduled for July 15, 2021, with any and all objection to the relief sought in the Debtor's Motion to Reduce NYCDOF's Claim to be received by not later than July 8, 2021.

14. No answer, objection or other responsive pleading to the Debtor's Motion to Reduce NYCDOF Claim was filed on the Court's Case Management/Electronic Case File docket or served on the Debtor. On July 13, 2021 the Debtor filed a *Certificate of No Objection Pursuant to LR 9075-2* [Dkt. No. 56], attesting to the same and requesting that the proposed order be entered approving the Debtor Motion to Reduce NYCDOF's Claim.

15. This Court entered an *Order Sustaining the Debtor's Objection Reducing Proof of Claim Number 2 Filed by New York City Department of Finance* [Dkt. No. 58] on July 13, 2021, thereby reducing the NYCDOF Disputed Claim to $0.00.

*Internal Revenue Service's Claim*

16. On April 2, 2021, the Internal Revenue Service (the "IRS") timely filed a proof of claim in the aggregate amount of $24,270.00 (the "IRS Claim"), consisting of an Unsecured Priority claim totaling $11,250.00, and an Unsecured General claim totaling $13,020.00.

17. The Debtor's Plan provides that priority claims will be paid in full, and that the Debtor will object to the IRS Claim.

18. However, prior to filing an objection to the IRS Claim, the Debtor engaged in discussions with the IRS to determine the basis for the IRS Claim. Pursuant to those discussions the Debtor provided documentation to cure the alleged tax deficiencies in the IRS Claim.

19. On August 3, 2021 the Debtor and the IRS executed and filed a *Stipulation to*

*Extend the Internal Revenue Services Time to Amend its Proof of Claim* [Dkt. No. 61] (the "<u>IRS Stipulation</u>") to preserve the IRS' time to receive, review, and process the Debtor's tax forms to determine whether the IRS Claim should be amended, while the Debtor moves forward with the Plan confirmation. The IRS Stipulation further preserves the Debtor's time to object to the IRS Claim whether or not it is amended.

20. On August 3, 2021, this Court So Ordered the IRS Stipulation [Dkt. No. 62].

Dated: Huntington, New York
August 4, 2021

**Law Offices of Avrum J. Rosen, PLLC**
*Counsel for the Debtor*

By: */s/ Avrum J. Rosen*
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.
38 New Street
Huntington, New York 11743
Tel.: (631) 423-8527
Email: arosen@ajrlawny.com
Email: npizzo@ajrlawny.com